Dear Mr. Theriot:
You have requested an opinion from this Office related to issues surrounding the establishment of Wildlife Management Areas (WMAs). Specifically, you have asked: (1) is the approval of the Secretary of the Louisiana Department of Wildlife and Fisheries (DWF) tantamount to the Governor's approval that is required under La.R.S. 56:109(A) for the establishment of a WMA? and (2) what is the functional significance of the gubernatorial proclamation required by La.R.S. 56:109(A)? With respect to these questions, we offer the following opinions.
Louisiana Revised Statute 56:109(A) states, in pertinent part:
 A. The commission may establish, maintain, and manage any state wildlife management area, wildlife refuge, public hunting ground, or outdoor recreation area, as it deems proper for wildlife management purposes. With the approval of the governor, it may lease, buy, or accept donation of, and set apart, any other lands suitable and desirable for such purposes and thereon establish, maintain, and operate such areas. The public shall be notified of the fact of the establishment of such areas by publication of a proclamation by the governor, describing the exact location and description of the lands set apart and the objects and purposes of the dedication, for thirty days in the official journal of the state and the official journal of the parish where the lands are located. The commission shall cause suitable signs to be placed at reasonable distances along the boundaries of the lands and at roads and other entrances for the information of the public. No person shall willfully or maliciously remove, destroy, or deface any sign or notice placed or posted. The commission shall authorize persons over the age of sixty to use trails in the wildlife management areas which are set aside for use exclusively by disabled persons. *Page 2 
(emphasis added).
Although La.R.S. 56:109(A) states that the approval of the Governor is required for the acquisition of property for the creation of a WMA, it is the opinion of this Office that the Governor's designee for wildlife and fisheries matters, the Secretary of DWF, has the authority to grant such approval. Accordingly, this approval would occur before the Wildlife Fisheries Commission (WFC) acts to establish a WMA by resolution. Thus, in answer to your first question, it is the opinion of this Office that the Secretary of DWF may provide the Governor's approval required to acquire lands destined to become WMAs.
What the above quotation makes clear is that the Legislature has delegated its authority for the establishment of WMAs to the WFC. In addition, the authority to select State lands for inclusion in WMAs is delegated to the WFC pursuant to La.R.S. 56:781. Louisiana Revised Statute 56:781 states:
 [t]he wildlife and fisheries commission shall select lands owned or acquired by the state for the establishment of wildlife refuges, wildlife management areas, public hunting grounds, upland game preserves, and wildlife sanctuaries and may properly equip, maintain, and control the wildlife refuges, wildlife management areas, public hunting grounds, upland game preserves, and wildlife sanctuaries for the protection and management of the wild game and wild animal life therein. The department shall properly stock the wildlife refuges, wildlife management areas, the public hunting grounds, upland game preserves, and wildlife sanctuaries.
(emphasis added). Basically, reading the language of La.R.S. 56:109(A) and La.R.S. 56:781 together, the WFC has the authority to select the lands for inclusion in a WMA; the Secretary of DWF has the authority to approve the selection and acquisition; and then the WFC has the subsequent authority to create the WMA by resolution. It is at this point that the WMA is established and falls under the jurisdiction of the WFC.
Once the WFC has established a WMA pursuant to La.R.S. 56:109(A), the next required step is the issuance of a proclamation by the Governor notifying the public of the establishment of the WMA. It is the opinion of this Office that all that the proclamation does is to provide notice of the establishment of the WMA that has already been created by the WFC. Because these proclamations provide mere notice of the creation of a WMA, there is no need to renew them from time to time.
It is further the opinion of this Office that no codification of any WMA is necessary when the WFC follows the selection procedures contained in La.R.S. 56:781 and the establishment procedures contained in La.R.S.56:109(A), including approval by the sitting Governor or his designee. It is also important to note the opinion of *Page 3 
this Office that, once a WMA has been established and falls under the jurisdiction of the WFC, under La.R.S. 56:631, the proceeds from the awarding of a mineral lease on a WMA are dedicated to the Wildlife and Fisheries Conservation Fund and not to the general fund. See, La. Atty Gen. Op. No. 02-0339. That provision states, in pertinent part that,
 all revenue derived from trapping leases or the sale of furs or mineral leases or exploitation in any way of the mineral resources of any such lands under the jurisdiction of the commission are dedicated to the commission, to be used for the protection, maintenance, operation, and development of such areas or for the acquisition of other such areas.
The dedication of these funds to the WFC, per La. Atty. Gen. Op. No. 02-0339, is a dedication to the Wildlife Fisheries Conservation Fund.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: _______________________
 RYAN M. SEIDEMANN
 Assistant Attorney General
 Lands Natural Resources Section
 JDC/RMS/tp